UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. KIRKHAM, ) | CASE NO. C05-1274-RSM-MAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION TO STAY §1983 ACTION |
| J.I. BELFORD, Detective, ) | |
| King County Sheriff's Office, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that defendant Belford violated his rights under the Fourth Amendment. Specifically, plaintiff complains that defendant Belford exceeded the scope of a warrant authorizing the search of plaintiff's jail cell and the seizure of specified letters and packages when defendant Belford seized a letter from another inmate, Ms. Sadie Eggleston. Plaintiff contends that this illegally seized letter was turned over to prosecutors who used it to create a hostile witness in his state court criminal proceedings.

Defendant has been served with the complaint and he now moves to stay this action under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), on the grounds that

ORDER GRANTING DEFENDANT'S
MOTION TO STAY §1983 ACTION
PAGE -1

01  plaintiff's Fourth Amendment claim will be addressed in his upcoming state court criminal
02  proceedings. The *Younger* abstention doctrine precludes federal injunctions of pending state
03  criminal prosecutions absent extraordinary circumstances where the danger of irreparable harm
04  is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Gilbertson v.*
05  *Albright*, 381 F.3d 965 (9th Cir. 2004), the Ninth Circuit concluded that *Younger* abstention
06  principles apply to damages actions as well as to actions for injunctive and declaratory relief. The
07  Ninth Circuit also concluded in *Gilbertson* that where abstention principles apply, a damages
08  action should be stayed rather than dismissed.

09  Plaintiff argues in his response in opposition to defendant's motion that the Fourth
10  Amendment claim raised in these proceedings has already been litigated and resolved in the King
11  County Superior Court and that a stay is therefore not warranted. In support of this argument,
12  plaintiff offers the transcript of a June 17, 2005, King County Superior Court hearing where the
13  Eggleston letter was discussed by plaintiff, the prosecutor, and the court. This Court's review of
14  the transcript reflects a general agreement by the parties that the Eggleston letter seized from
15  plaintiff's cell will not directly impact his criminal case. (*See* Dkt. No. 12 at 13-16.) However,
16  the transcript also reflects that plaintiff is likely to bring a motion to suppress additional evidence
17  in his criminal case which was obtained as a result of the alleged illegal seizure of the Eggleston
18  letter. (*Id*. at 13-16 and 51.) Any such motion would put at issue the legality of the original
19  seizure.

20  Because it appears likely that plaintiff's Fourth Amendment claim will be litigated in his
21  state court criminal proceedings, and because plaintiff makes no showing of extraordinary
22  circumstances which would justify this Court's intervention in those proceedings, *Younger*

abstention principles apply.  Thus, under *Gilbertson*, this Court must stay plaintiff's civil rights action.

Accordingly, defendants' motion to stay these proceedings (Dkt. No. 9) is GRANTED and this action is STAYED pending notification from the parties that plaintiff's criminal proceedings have been fully resolved in the state courts.  The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable Ricardo S. Martinez.

DATED this  14th  day of  October , 2005.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION
TO STAY §1983 ACTION
PAGE -3