UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD A. KIRKHAM, | ) | CASE NO. C05-1274-RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| J.I. BELFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that J.I. Belford, a detective with the King County Sheriff's Office, violated his Fourth Amendment rights when Detective Belford seized personal papers and letters during a search of plaintiff's jail cell which were outside the scope of the warrant pursuant to which the search was conducted. Defendant Belford now moves for summary judgment. Plaintiff, despite having been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), has filed no response to defendant's motion. Defendant's motion for summary judgment is now ripe for review. This Court, having

REPORT AND RECOMMENDATION
PAGE -1

reviewed defendant's motion, and the balance of the record, concludes that defendant's motion for summary judgment should be granted.

## FACTUAL BACKGROUND

Plaintiff Richard Kirkham filed the instant civil rights action in July 2005. At that time, plaintiff was incarcerated at the King County Regional Justice Center ("RJC") where he was awaiting trial on various charges including assault, rape, malicious mischief, and attempted escape. (*See* Dkt. 25, Declaration of John McHale, Attachment A at 1-3.) During the course of his pretrial detention, plaintiff violated a pre-trial order which prohibited him from contacting Jennifer Flowers, the woman who was the victim of many of the offenses with which he was charged. (*See id.*) Plaintiff contacted Flowers both by telephone and by mail and he asked her in those communications that she not come to court. (*See id.* at 2.) Following these prohibited contacts, Flowers contacted police and recanted her allegations against plaintiff. (*Id.*) When police subsequently learned from Flowers' mother that Flowers had received a letter from plaintiff, Detective Belford obtained a warrant to search plaintiff's cell at the RJC for evidence of violation of an order prohibiting contact and intimidation of a witness. (*See id.* and Dkt. 6 at 7-10.)

During the search of plaintiff's cell, detectives found letters from Flowers. (Dkt. 25, Declaration of John McHale, Attachment A at 2.) They also found a letter from another inmate, Sadie Eggleston, in which Eggleston admitted to having been involved in a homicide. (*Id.*) Detectives thereafter obtained a warrant to search Eggleston's cell. (*Id.*) That search led to the discovery of several letters from Kirkham to Eggleston which were romantic in nature. (*Id.*) Flowers became aware of these letters and thereafter confirmed to defendant

Belford and to the prosecutor that her prior allegations against plaintiff were true and she agreed to testify against him at trial. (*Id.*) The case proceeded to trial and the jury convicted plaintiff of 10 counts including multiple assaults against Flowers, rape, malicious mischief, attempted escape, assault against a King County Sheriff's Deputy, and tampering with a witness. (*Id.*)

Plaintiff asserts in his complaint that detectives exceeded the scope of the warrant obtained to search his cell when they took personal writing and peotry from his cell as well as letters from his friend Sadie Eggleston, none of which were mentioned in the warrant. Plaintiff further asserts that detectives used these illegally seized letters from Eggleston to obtain a warrant to search Eggleston's cell. In that search, letters plaintiff had written to Eggleston, letters which had nothing to do with plaintiff's criminal proceedings, were seized and turned over to the King County Prosecutor's Office. The Prosecutor's Office, according to plaintiff, then used these illegally seized letters to create a hostile witness in his criminal proceedings. Plaintiff's assert that the detectives' illegal searches led to tampering with the key state's witness, Jennifer Flowers, causing irreversible damage to his defense. Plaintiff maintains not only that his Fourth Amendment rights were violated by the actions of defendants, but that his rights to a fair trial and to equal protection were also violated.

DISCUSSION

Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.

Defendant argues in his motion for summary judgment that plaintiff's claim that he was subject to an illegal search and seizure, if true, would undermine the validity of plaintiff's criminal convictions and is therefore barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or inpugned by the grant of a writ of habeas corpus."  *Id.* at 489.

Plaintiff has not responded to defendant's summary judgment motion.  However, it appears clear from the face of the complaint that the claim plaintiff intends to pursue in this civil rights action is that defendant Belford, by his conduct, undermined the fairness of plaintiff's state criminal proceedings.  A decision in plaintiff's favor on such a claim would necessarily call into question the validity of his convictions.  There is no evidence in the record that petitioner's convictions have been reversed or invalidated in any way.  Accordingly, this Court concludes that plaintiff's claims are barred by *Heck*.

/ / /

REPORT AND RECOMMENDATION
PAGE -4

## CONCLUSION

Based on the foregoing, the Court recommends that defendant's motion for summary judgment be granted and that plaintiff's complaint, and this action, be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this <u>6th</u> day of September, 2009.

_____
Mary Alice Theiler
United States Magistrate Judge